MAKAR, J.,
concurring in part, and dissenting in part.
I concur except as to Part 11(A) of the majority opinion, which holds that a compliance review hearing is unavailable under section 112.534, Florida Statutes, after an agency first provides an investigative report to an officer.
At issue is the remedial scope of section 112.534, which is within the “bill of rights” for law enforcement and correctional officers. See §§ 112.531-535, Fla. Stat. Section 112.534 reflects an overall purpose of providing law enforcement and correctional officers under investigation with process and remedies where “official misconduct” is alleged against their investigators. Portions of section 112.534 support the conclusion that a key purpose of the compliance review process is to address allegations of intentional violations by investigators discovered before an investigative report is released and to provide a remedy, such as removing the investigator. See § 112.534(l)(g), Fla. Stat. (“If the alleged violation is sustained as intentional by the compliance review panel, the agency head shall immediately remove the investigator from any further involvement with the investigation of the officer.”). No dispute exists that officers can raise claims of investigative misconduct prior to the time an investigative report is disclosed to them and that removal of an investigator is available.
Nothing in the statute’s language or structure, however, establishes a legislative intention that the compliance review process be limited to only this purpose and this remedial option. Indeed, the statute provides as an additional remedy for intentional violations that an “agency head shall direct an investigation be initiated against the investigator determined to have intentionally violated the requirements provided under this part for purposes of agency disciplinary action.” If the agency’s investigation sustains the violations, the “sustained allegations against the investigator shall be forwarded to the Criminal Justice Standards and Training Commission for review as an act of official misconduct or misuse of position.” Id. This additional remedy reflects a legislative intent that confirmed investigative misconduct be dealt with appropriately, even if first discovered upon issuance of an investigative report.
Had the legislature intended to limit this remedial option to only violations discovered before an investigation is complete, it could have said so; but it has not. Missing from the legislative mandate that a compliance review panel “shall review the circumstances and facts surrounding the alleged intentional violation,” see § 112.534(l)(d), is statutory language saying that such review may occur only if “the violation was discovered and alleged during the investigation.” No such limitation exists. Instead, the language of section 112.534, read in conjunction with the re *810 mainder of the bill of rights, does not prohibit an officer, who first learns of possible investigative misconduct in such a report, from seeking a compliance review hearing even though the investigative work is deemed complete at that point. Because investigations may be continued or reopened under section 112.532(6)(b) if new evidence is discovered, drawing a judicial line at too early a point could have the unintended effect of depriving officers of remedies prematurely in some instances.
Given the statute’s remedial nature, the better reading of section 112.534 is that the compliance review process is available to adjudge claims of intentional violations if (a) they are discovered before an investigative report is released or, as is the case here, (b) they could not be discovered pri- or to, but surfaced and were promptly reported immediately after, the initial release of the investigative reports. The statute can serve these two remedial purposes: it can walk and chew gum at the same time.